```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SIV ENG STEWART,               )
                               )
            Plaintiff,         )
                               )    Civil Action
       v.                      )    No. 14-cv-02900
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of         )
Social Security,               )
                               )
            Defendant          )
```

O R D E R

    NOW, this 4th day of February, 2016, upon consideration of the following documents:

  (1)  Decision of Administrative Law Judge John S. Pope ("ALJ") dated April 15, 2013 and filed July 28, 2014 ("ALJ Decision") (Document 6-2);

  (2)  Complaint filed May 27, 2014 (Document 3);

  (3)  Answer filed July 28, 2014 (Document 7);

  (4)  Plaintiff's Brief and Statement of Issues in Support of Request for Review filed September 10, 2014 (Document 8);

  (5)  Defendant's Response to Request for Review of Plaintiff, which response was filed December 15, 2014 (Document 13);

  (6)  Plaintiff's Brief in Reply to Defendant's Brief in Response to Plaintiff's Request for Review, which brief in reply was filed December 26, 2014 (Document 15);

  (7)  Defendant's Proposed Findings of Fact filed June 26, 2015 (Document 23);

  (8)  Response to Proposed Findings of Fact, which response was filed September 11, 2015 (Document 26);

    (9)    Report and Recommendation of United States Magistrate Judge Richard A. Lloret dated and filed October 29, 2015 ("R&R") (Document 27);

    (10)   Plaintiff's Objections to the Magistrate's Report and Recommendations, which Objections were filed November 9, 2015 ("Objections") (Document 28);

and after a thorough review of the record in this matter;[1] it appearing that plaintiff's Objections to Magistrate Judge Lloret's Report and Recommendation are essentially a restatement of the issues raised in Plaintiff's Brief and Statement of Issues in Support of Request for Review; it further appearing that Magistrate Judge Lloret's Report and Recommendation correctly determined the legal and factual issues presented in this case,

        IT IS ORDERED that Magistrate Judge Lloret's Report and Recommendation is approved and adopted.[2]

---

    [1]    Plaintiff, Siv Eng Stewart, brought this action pursuant to 42 U.S.C. §§ 405(g), seeking review of the Commissioner of the Social Security Administration's decision denying her claims for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 401-433, 1381-1383f.

    [2]    The extent of review of a magistrate judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

    Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing,

(Footnote 2 continued):

<u>IT IS FURTHER ORDERED</u> that the decision of the Commissioner of Social Security is affirmed.

<u>IT IS FURTHER ORDERED</u> that plaintiff's Objections to Magistrate Judge Lloret's Report and Recommendation are overruled.[3]

---

(<u>Continuation of footnote 2</u>):

Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge.  <u>Id.</u>

As more fully discussed below, I approve and adopt Magistrate Judge Lloret's R&R and overrule plaintiff's objections to it.

[3]    Plaintiff objects to Magistrate Judge Lloret's findings that (1) the ALJ's failure to mention plaintiff's audio and visual hallucinations was, at most, harmless error; (2) plaintiff's nightmares and flashbacks do not prevent her from working; (3) the ALJ did not err by according only some weight to the finding of Dr. Ely Sapol, Ph.D., that plaintiff has moderate limitations in social interaction; (4) the ALJ properly analyzed "paragraph B" criteria; and (5) the new evidence submitted by plaintiff does not warrant remand.

First, Magistrate Judge Lloret correctly found that the ALJ did not err by failing to mention that plaintiff suffered from audio and visual hallucinations.  The ALJ found that the psychological conditions which caused these symptoms—posttraumatic stress disorder and major depressive disorder—are severe impairments for plaintiff.  Administrative Record ("AR") at page 19.  The ALJ also noted that plaintiff suffered from flashbacks and thoughts of suicide.  AR at page 22.  The medical records indicate that plaintiff's hallucinations consisted of flashbacks of her childhood in Cambodia and suicidal voices.  AR at pages 426-428.  The ALJ did not err simply because he failed to use the specific word "hallucination".

Second, Magistrate Judge Lloret correctly found that substantial evidence supported the ALJ's finding that plaintiff's mental health issues do not prevent her from working.  Although the ALJ found that plaintiff suffered from mental illness, he rejected evidence that her mental illnesses prevented her from working because the evidence of alleged more severe restrictions was inconsistent with other evidence.

The ALJ accepted the opinions of the state agency psychological consultants over those of treating physicians because they were more consistent with "the other objective medical evidence of record and . . . the [plaintiff's] alleged activities of daily living."  AR at page 26.  The ALJ

(<u>Footnote 3 continued</u>):

---

(Continuation of footnote 3):

did not, as plaintiff suggests, reject the opinions of treating physicians because they relied on plaintiff's subjective accounts. Rather, he rejected them because plaintiff's subjective accounts on which they relied were inconsistent with her alleged activities of daily living. AR at 26.

Third, Magistrate Judge Lloret correctly found that the ALJ did not err by according only "some" weight to Dr. Sapol's opinion that plaintiff is moderately limited in her social interactions. The ALJ accorded diminished weight to this opinion because it was not supported by objective evidence or clinical observations noted during the mental status examination. AR at 26; see also 20 C.F.R. § 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion . . . the more weight we will give that opinion.").

Plaintiff contends that the notations in Dr. Sapol's report that she was tearful and "mildly anxious" support his opinion that she is moderately limited in social interactions. AR at page 466. Sadness and anxiety do not necessary indicate moderate limitations in social interactions. Furthermore, Dr. Sapol observed that plaintiff "has some friends" and that she was "open and cooperative". Id. Although plaintiff's subjective accounts provide some support for Dr. Sapol's opinion, the ALJ noted that her accounts were inconsistent. Id. at 26. Similarly, Dr. Sapol observed that plaintiff's "reliability as an informant could not be confirmed." Id. at 467.

Fourth, Magistrate Judge Lloret correctly found that the ALJ properly assessed the "paragraph B" criteria. At the third step of the ALJ's analysis, he must consider whether plaintiff's impairments are of a severity that meets the criteria of an impairment listed in 20 C.F.R. Part 404, Appendix 1. The ALJ found that plaintiff did not meet the criteria of any impairment listed therein. AR at 19-20.

As part of his analysis, the ALJ was required to determine whether plaintiff met at least two of the five "paragraph B" criteria of listings 12.04 or 12.06. One of the criteria included in both listings is "marked difficulties in maintaining concentration, persistence, or pace". 20 C.F.R. Part 404, Appendix 1, 12.04(B)(3), 12.06(B)(3). The ALJ found that plaintiff did not meet this criteria and, in doing so, he explicitly noted that plaintiff was only moderately limited in this area. There is no error in the ALJ's analysis.

Plaintiff confuses the "paragraph B" analysis with the ALJ's residual functional capacity ("RFC") determination, and she claims that the ALJ failed to include her moderate limitations in concentration, persistence, or pace in his RFC determination. However, the ALJ found that she was moderately limited in this area based upon evidence that her delayed memory and concentration were impaired. AR at 20, 354. The ALJ considered plaintiff's specific limitations with respect to delayed memory and concentration in his RFC determination. AR at 24.

Fifth, Magistrate Judge Lloret correctly found that remand is not necessary for the consideration of new evidence. Plaintiff contends that the

(Footnote 3 continued):

IT IS FURTHER ORDERED that plaintiff's request for review is denied.

IT IS FURTHER ORDERED that judgment is entered in favor of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against plaintiff Siv Eng Stewart.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case for statistical purposes.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

new evidence does not demonstrate a subsequent deterioration in her condition, but rather shows that her "symptoms have continued much as before." Objections at 8. To the extent that the evidence pertains to her symptoms subsequent to the hearing and the ALJ's decision, it is not "material" because it does not relate to the time period at issue. See Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Furthermore, to the extent that the evidence pre-dates the hearing and decision, plaintiff has not demonstrated "good cause for the failure to incorporate such evidence into the record in a prior proceeding". See 42 U.S.C. § 405(g).